**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 13, 2005[*]
Decided December 13, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2111

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | |
| | No. 04-CR-219-001 |
| TITUS L. PITTS, *Defendant-Appellant*. | J.P. Stadtmueller, *Judge.* |

**O R D E R**

When Titus Pitts showed up to sell drugs to a confidential informant, he was arrested with a little more than 125 grams of cocaine. Pitts pleaded guilty to possession with intent to distribute the cocaine, *see* 21 U.S.C. § 841(a)(1). At sentencing the judge explained that he was applying the guidelines as advisory,

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

and—in light of a 1997 federal conviction for distributing cocaine and a 1991 state conviction for armed robbery—sentenced Pitts as a "career offender," *see* U.S.S.G. § 4B1.1, to 180 months' imprisonment.

Now, Pitts asserts that his 15-year term of imprisonment violates the Sixth Amendment as interpreted in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the district court applied the higher imprisonment range applicable to career offenders even though a jury did not find the fact of the underlying convictions beyond a reasonable doubt. But we have rejected this argument several times before. *See, e.g., United States v. Washington*, 417 F.3d 780, 788 (7th Cir. 2005); *United States v. Pittman*, 418 F.3d 704, 709 (7th Cir. 2005). As we explained in those cases, under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the fact of a prior conviction is exempt from the rule that facts serving to increase a statutory maximum must be admitted or proved to a jury beyond a reasonable doubt. *Washington*, 417 F.3d at 788; *Pittman*, 418 F.3d at 709.

Indeed, Pitts' argument is doubly frivolous. He was sentenced under the advisory guidelines, and § 841(b) set the maximum sentence for his crime. *See United States v. Booker*, 125 S. Ct. 738, 750, 764 (2005); *United States v. Bryant*, 420 F.3d 652, 655–56 (7th Cir. 2005). Even without the prior convictions, the maximum prison term was 20 years (30 with the 1997 conviction). *See* 21 U.S.C. § 841(b)(1)(C). Since Pitts got only 15 years, his prison term could not violate the Sixth Amendment even if *Almendarez-Torres* did not create an exception to *Apprendi* for prior convictions. *See United States v. Casas*, 425 F.3d 23, 66 n.57 (1st Cir. 2005); *Bryant*, 420 F.3d at 655–56.

AFFIRMED.